**Fannie JEFFRIES, Individually and on behalf of all persons similarly situated, Plaintiff - Appellee - Appellant, Maxine Handel et al., Intervenors-Plaintiffs-Appellees,**

v.

**Jule SUGARMAN, as Commissioner of the Department of Social Services of the City of New York et al., Defendants-Appellants-Appellees.**

Nos. 342, 343, 344, Dockets 72–2039, 72–2041, 72–2043.

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1972.

Decided June 29, 1973.

See also D. C., 345 F.Supp. 172.

Stephen P. Seligman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of the State of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for State Dept. of Social Services.

Norman Redlich, Corp. Counsel, City of New York, New York City, for defendant-appellant-appellee, Sugarman.

John J. S. Mead, County Atty., of Westchester County, for defendant-appellant-appellee, Kurtis.

Toby Golick, New York City (Jonathan A. Weiss, New York City, on the brief), for plaintiff-appellee-appellant.

Norman B. Lichtenstein, White Plains, N.Y. (The Legal Aid Society of Westchester County, Martin A. Schwartz and John T. Hand, White Plains, N.Y., on the brief), for intervenors-plaintiffs-appellees.

Harlington Wood, Jr., Asst. Atty. Gen., Civil Div.; Morton Hollander, Chief, App. Section, U. S. Dept. of Justice, filing briefs for Depts. of Labor and Health, Education and Welfare as amici curiae.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

The Commissioners of the New York City, Westchester County, and New York State Departments of Social Services appeal from an order of Judge Charles H. Tenney rendered in a class action suit brought by plaintiff Fannie Jefferies under 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. Mrs. Jefferies, the mother of a minor child, was employed until September 1969 as a typist. At that time she left her job and entered Queens Community College as a full-time student under a federally-sponsored program that provided her with a full scholarship. Upon leaving her job, she applied for public assistance for her child and herself, which she received on a temporary basis until December 1969, when all benefits were

terminated[1] because she was unwilling to seek and accept work as required under the New York Social Services Law, McKinney's Consol.Laws, c. 55, § 131 (4) (since amended) and the administrative regulations issued thereunder, 18 NYCRR §§ 385.1, 385.7 (statute and regulations are hereinafter referred to as the Work Rules). The Work Rules provide for a state system of employment and job-training referral for those welfare recipients who are "employable" under the state statutory and regulatory criteria, and acceptance of such referral is made a condition for continued payment of benefits to "employable" recipients. Under administrative interpretation of these standards, persons enrolled in four-year college programs are automatically deemed "employable" and hence required to accept employment or enrollment in vocational training programs.[2]

On being denied further benefits, Mrs. Jefferies brought suit "individually and on behalf of all other persons similarly situated" for declaratory and injunctive relief against the operation of the state Work Rules on due process, equal protection and first amendment grounds, as well as on the theory that the Work Rules, as applied to recipients of Aid to Families With Dependent Children (AFDC) benefits, are inconsistent with applicable provisions of the federal Social Security Act, 42 U.S.C. § 601 et seq. and are preempted by the federal Work Incentive Program (WIN), a system of job training and employment referral for AFDC recipients established under that Act. 42 U.S.C. § 630 et seq.[3] A three-judge court was convened,[4] and three other AFDC recipients, all mothers who were attending college and had been threatened with termination of their benefits because of that attendance, were permitted to intervene as plaintiffs.[5] After a hearing, the court rejected plaintiffs' due process, equal protection and first amendment arguments, but remanded the pendent statutory claims to Judge Tenney.[6] Jefferies v. Sugarman, 345 F.Supp. 172 (S.D.N.Y.1972), appeal docketed, 41 U.S.L.W. 1315 (U.S. Nov. 28, 1972) (No. 787).

Thereafter, in a comprehensive opinion, Judge Tenney concluded that plain-

1. In February 1970, the decision to deny benefits to Mrs. Jefferies's child was reversed after a hearing by the State Department of Social Services.

2. This interpretation was incorporated in an administrative letter sent by the State Department of Social Services to the local Social Services commissioners in 1971. Mrs. Jefferies was denied her benefits prior to promulgation of this policy because she already had a job skill. The three intervenors in this case, however, were threatened with termination of benefits pursuant to the new policy. See note 5 infra and accompanying text.

3. The Social Security Act provides for the establishment in each state of so-called Work Incentive Programs. 42 U.S.C. § 602(a). AFDC recipients, with certain enumerated exceptions, must register with the state as a condition of eligibility for benefits. 42 U.S.C. § 602(a)(19)(A). The state in turn certifies them, when it has provided them the required supportive services, to the Secretary of Labor for assignment under the Work Incentive Pro-

gram to jobs or training. 42 U.S.C. §§ 602(a)(19)(G), 632(b), 633(a). Those certified to WIN are provided certain procedural safeguards, such as a hearing for any recipient who refuses to accept an assignment to employment or training. 42 U.S.C. § 633(g). In addition, if the refusal is determined to have been improper, 60 days of counselling is to be provided before benefits can be terminated. 45 C.F.R. § 220.35(b)(6).

The law in its present form reflects certain modifications introduced through enactment of the Talmadge Amendment prior to the decision below. Pub.L.No. 92–223, 85 Stat. 802 (1971).

4. The panel consisted of Circuit Judge Paul R. Hays and District Judges Harold R. Tyler, Jr., and Charles H. Tenney.

5. Unlike Mrs. Jefferies, the intervenors allegedly lacked sufficient job skills to support their families prior to commencement of their college studies.

6. Judge Tenney dissented from the decision of the court on equal protection grounds. 345 F.Supp. at 176.

tiffs' claims respecting the invalidity of the New York Work Rules were justified. Jefferies v. Sugarman, 71 Civ. 2060 (S.D.N.Y. July 11, 1972). He found that the WIN program, in view of both its "comprehensive, detailed, and mandatory nature" and its legislative history, was intended to preempt any state system of mandatory employment referral for receipt of AFDC benefits, at least to the extent that the state work rules are "not in conformance with the minimum requirements of the federal sttaute." Id. at 9. He further found that plaintiff Jefferies could not be denied her benefits merely because she had not complied with the New York Work Rules, which were preempted by the federal program;[7] if she was "appropriate" under the federal statute for referral to WIN, she should be so referred, and if she was not appropriate for referral but was otherwise eligible for benefits, she should not be denied them. Id. at 9–12. Finally, Judge Tenney held that the state rule denying benefits to anyone attending a four-year college was inconsistent with federal standards because it denied eligibility to a category of people who would otherwise be eligible under the federal law and that therefore plaintiff Jefferies and the intervenors had improperly been denied their benefits. Id. at 18–19. Defendants were enjoined from denying or reducing payments to persons inappropriate for referral to WIN, though eligible for AFDC assistance, merely because they were attending a four-year college; defendants were also enjoined from denying benefits to otherwise eligible recipients who had been referred to WIN but were attending a four-year college program directed to a vocational objective and not paid by the public assistance grants.[8]

Notice of appeal was filed by defendants on September 22, 1972,[9] and argument was heard by this court early in October. Thereafter, at the suggestion of the panel, amicus briefs were filed on behalf of the Departments of Labor and Health, Education and Welfare. At oral argument, it was noted that a case involving a number of identical or similar issues had been decided several months previously by a three-judge court in the Western District of New York. Dublino v. New York State Department of Social Services, 348 F.Supp. 290 (W.D.N.Y. 1972). Since some of the issues in *Dublino* overlapped with this case and an appeal to the Supreme Court was filed in November, we thereafter decided to postpone our decision until the Supreme Court had considered *Dublino*.[10] On June 21, 1973, the Supreme Court reversed the decision of the three-judge court in *Dublino* and remanded for further proceedings. —— U.S. ——, 93 S.Ct. 2507, 37 L.Ed.2d 688.

The district court in *Dublino* had held, in response to a challenge by AFDC and other public assistance recipients to the

---

7. A number of courts had held, prior to Judge Tenney's decision, that WIN preempted state work rules similar to those of New York. E. g., Woolfolk v. Brown, 325 F.Supp. 1162 (E.D.Va.1971), aff'd, 456 F.2d 652 (4th Cir.) (per curiam), cert. denied, 409 U.S. 885, 93 S.Ct. 112, 34 L.Ed.2d 141 (1972).

8. Defendants were also required to post notices informing students who might have lost their benefits because of college enrollment that such denial had been improper.

9. In addition to defendants' appeal from the decision of Judge Tenney, we have before us plaintiff Jefferies's cross-appeal from the decision of the three-judge court. It is quite apparent, however, that that court did not reach the merits of plaintiff's complaint and that the proper forum for review is therefore the Supreme Court, to which an appeal has in fact already been addressed. 41 U.S.L.W. 3315 (U.S. Nov. 28, 1972) (No. 787).

10. Our delay in disposing of this case did not impose any new hardship on the State Department of Social Services because it has been enjoined since October 1972, by order of the three-judge court in *Dublino*, from enforcing the state Work Rules.

validity of the New York Work Rules, that those Rules were inconsistent with the eligibility standards of the Social Security Act and were preempted by WIN. On appeal, the Supreme Court concluded that WIN did not preempt the state work requirements, but it remanded the case to the district court for a determination of "whether some particular sections of the Work Rules . . . contravene the specific provisions of the Federal Social Security Act." —— U.S. ——, 93 S.Ct. at 2518. This holding appears to undercut certain of Judge Tenney's conclusions in this case, e. g., the finding that the Work Rules are preempted by WIN and the related holding that Mrs. Jefferies cannot be denied her benefits except in accordance with WIN procedures and standards. In addition, the Supreme Court's acknowledgement that the states have some latitude in formulating their own employment rules, —— U.S. ——, 93 S.Ct. 2507, may indicate that such inconsistencies with the federal law as will justify invalidation must be more substantial than suggested by the district courts in either *Dublino* or the instant case.

In view of the Supreme Court decision in *Dublino*, we have decided to remand this case to the district court. It is apparent that New York may maintain its own work rules, and it would be appropriate for the district court to consider anew, in light of *Dublino*, in what respects relevant to this case such rules are to be permitted to differ from the federal pattern embodied in WIN,[11] and whether the state rule that recipients cannot enroll in four-year college programs conflicts with standards mandated by the federal Act.

Remanded for proceedings consistent with this opinion. Cross-appeal dismissed.

---

[11]. We note in passing that several changes have been made in the New York Work Rules in the past year, apparently in order to make them more consistent, in terms of standards and procedures, with the provisions of WIN. See, e. g., N.Y. Sess. Laws ch. 941 (1972) (McKinney).