**Kae Lynn POTTS, Appellant,**

**v.**

**James Edward POTTS, Defendant,**

**and**

**Department of Human Services, Appellee.**

**No. 77274.**

Court of Appeals of Oklahoma, Division No. 1.

April 7, 1992.

Steven A. Novick and Donald D. Maisch, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

Dorinda K. Morris and Kaye M. Kirk, Dept. of Human Services, Fairview, for appellees.

---

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Kae Lynn Potts (Mother) seeks review of the Trial Court's order granting judgment to Appellee Department of Human Services (DHS), thereby directing payment of the parties' children's Social Security insurance benefits to DHS, Mother having executed an assignment of her "rights to support" to DHS as a condition to receipt of AFDC[1] benefits. Herein, Mother asserts error of the Trial Court in holding her children's Social Security Insurance Benefit subject to assignment to DHS as violative of federal law and United States Supreme Court precedent.

Mother and Defendant James Edward Potts (Father) married in 1974, and of the marriage three children (Children) were born. In 1987, Mother and Father separated, and Mother applied for AFDC benefits. As a condition to receipt of AFDC benefits, DHS required Mother to execute an assignment of her "rights to support" in favor of DHS. In March, 1988, by separate action, DHS obtained an administrative support order directing Father to (1) reimburse DHS for AFDC payments already made to Mother, and (2) to pay child support directly to Mother.

In April, 1989, Mother commenced the subject divorce action. In July, 1989, the Trial Court granted the petition for divorce, effected division of marital property, granted custody of the children to Mother, and ordered Father to pay $180.00 per month child support to DHS "so long as" Mother received "public assistance."[2]

In November, 1990, Father filed a motion to modify, alleging a material change of condition, and seeking specific visitation with the parties' children. Father also alleged that he had become "completely disabled," that Children received approximately $300.00 per month in Social Security insurance benefits on account of his disability, and that Father should receive credit for Children's Social Security insurance payments made on account of his disability against Father's child support obligation.

In December, 1990, DHS filed an entry of appearance in the parties' divorce action, as well as a motion to confirm child support arrearage (claiming Father's arrearage in child support of about $2,100.00), a citation for contempt (claiming Father's willful violation of the child support order) and application for temporary injunction (seeking to restrain Mother from dissipating an expected lump sum payment of Children's Social Security insurance benefits). By its filings, DHS claimed entitlement to Children's Social Security insurance payments as "rights to support" assigned to DHS by Mother.

After hearing (of which we have no transcript), the Trial Court found Father delinquent in payments to both Mother and DHS, and held Mother's anticipated receipt of Children's Social Security insurance payment subject to the assignment of "rights to support" to DHS. Mother now appeals.

The issue presented in this appeal requires us to determine whether Social Security Children's Insurance Benefits are subject to Mother's assignment of her "rights to support" to DHS. In that regard, under federal law, and as a condition precedent to receipt of AFDC benefits, applicants/recipients of AFDC must "assign ... any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed."[3] In *Sullivan v. Stroop*, 496 U.S. 478, 110 S.Ct. 2499, 110 L.Ed.2d 438 (1990), the United States Supreme Court held that Social Security Children's Insurance Benefits did not constitute "support" as that term is used for purposes of AFDC:

> Though Title II child's insurance benefits might be characterized as 'support' in the

---

1. Aid to Families with Dependent Children, 42 U.S.C. § 601 et seq.

2. The parties' divorce decree makes no mention of Father's disability, although the record reflects Father's disability apparently arose in June, 1989.

3. 42 U.S.C. § 602(a)(26)(A).

generic sense, they are not the sort of child support payments from absent parents envisioned in the Title IV scheme.

*Sullivan,* 110 S.Ct. at 2504.[4]

We thus conclude Children's Social Security insurance benefits cannot be considered "support" under Mother's AFDC assignment to DHS of "rights to support." As such, these benefits are exempt from legal process under 42 U.S.C. § 407 and the Supremacy Clause of the United States Constitution, Article VI, cl. 2.[5]

The order of the Trial Court directing payment of Children's Social Security Insurance benefit to DHS pursuant to Mother's assignment of "rights to support" is therefore REVERSED.

GARRETT, P.J. and ADAMS, J., concur.

**4.** See also, *Todd v. Norman,* 840 F.2d 608 (8th Cir.1988).

**5.** We are not presented with the issue of the merits of Father's motion to modify, whereby Father requested alternatively (1) relief from his child support obligation, either as a result of change of condition (i.e., his disability), or (2) a credit for Children's Social Security Insurance Benefits. Although Father's disability apparently arose in June, 1989, the Trial Court entered the parties' divorce in July, 1989 without mention of Father's disability benefits. See, footnote 2.