Glenda G. HEAD, Appellant–Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 11A01–9308–CV–283.

Court of Appeals of Indiana,
First District.

April 13, 1994.

Tracy T. Pappas, Kathryn M. Williams, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

NAJAM, Judge.

## STATEMENT OF THE CASE

We address an issue of first impression in Indiana: whether pursuant to an assignment of support, the State of Indiana may recover Title II Social Security child's insurance benefits that accrued while the child's family received Aid to Families with Dependant Children (AFDC) assistance from the State. Glenda G. Head appeals from an order requiring her to reimburse the State for $3,664.00 in AFDC benefits she had received under Indiana's AFDC program. As a condition of AFDC assistance, Glenda assigned to the State any rights to support she had for herself and for her son, Rodney II. Upon the State's motion, the trial court determined that Social Security child's insurance benefits received by Rodney II were "child support" which the State was entitled to recover under the mandatory assignment of support in Glenda's AFDC application.

We reverse.

## FACTS

Following the dissolution of Glenda's marriage, Glenda applied for and began receiving AFDC benefits from the State in 1991. In January of 1992, Glenda obtained a contempt citation against her former husband, Rodney, for his failure to pay child support for Rodney II. The trial court ordered Rodney, who was totally and permanently disabled, to seek and obtain Social Security disability benefits ("child's insurance benefits") on Rodney II's behalf in lieu of his child support obligation.

After Rodney complied with the court's order and applied for those benefits, Glenda received a lump sum payment of previously accrued Social Security child's insurance benefits for Rodney II in the amount of $8,606.00. The State then discontinued Glenda's AFDC benefits and petitioned the trial court for reimbursement of $3,664.00 in AFDC benefits previously paid to her. The State claimed that any child's insurance benefits paid to Glenda for Rodney II which had accrued while Glenda received AFDC assistance were "child support." Thus, the State contended that it was entitled to recover Rodney II's child's insurance benefits pursuant to the assignment of support in Glenda's AFDC application. The trial court agreed and on May 7, 1993, ordered Glenda to reimburse the State $3,664.00 from Rodney II's child's insurance benefits.

## DISCUSSION AND DECISION

### Standard of Review

■ The State did not file a brief on appeal. Therefore, we may reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Halliday v. Auburn Mobile Homes* (1987), Ind. App., 511 N.E.2d 1086, 1088. This rule was established for the protection of the court so that it might be relieved of the burden of controverting the arguments advanced for reversal where such a burden rests with the appellee. *Dusenberry v. Dusenberry* (1993), Ind.App., 625 N.E.2d 458, 460. However, we are not compelled to apply the prima facie error standard but may, in our discretion, decide the case on the merits. *S.M.V. v. Littlepage* (1982), Ind.App. 443 N.E.2d 103, 105, *trans. denied.* We will address this appeal on the merits.

### The AFDC Program

The State of Indiana participates in the joint state-federal AFDC program authorized by Title IV–A of the Social Security Act. *See* 42 U.S.C. § 601 *et seq.*; IND.CODE § 12–14–1–1 *et seq.* Title IV "establishes a unified program of grants 'For Aid And Services To Needy Families With Children And For Child–Welfare Services' to be implemented through cooperative efforts of the States and the Federal Government." *Sullivan v. Stroop* (1990), 496 U.S. 478, 483, 110 S.Ct. 2499, 2503, 110 L.Ed.2d 438, 445. Title IV authorizes the federal government to provide matching funds to states that have submitted, and had approved by the Secretary of Health and Human Services, a plan for aid and services to needy families with children. 42 U.S.C. § 601.

Once a state elects to participate in the AFDC program, it must comply with federal statutes and regulations which govern the program. *Pratt v. Wilson* (1991), E.D.Cal., 770 F.Supp. 539, 541. Thus, Indiana's AFDC provisions must be consistent with federal AFDC requirements. *See Stanton v. Price* (1978), 178 Ind.App. 685, 691, 383 N.E.2d 1091, 1095.

To become eligible for AFDC benefits, an applicant must assign "rights to support" to the state.[1] 42 U.S.C. § 602(a)(26)(A); *see* IND.CODE § 12–14–7–1 (requiring assignment of child and spousal support). Under Indiana's AFDC program, the applicant's mandatory assignment of support payment rights applies to "accrued, present and pending support."[2] I.C. § 12–14–7–1.

### Child's Insurance Benefits as "Child Support"

■ This appeal turns upon whether Title II Social Security child's insurance benefits received by Glenda on Rodney II's behalf were "child support" and subject to the mandatory assignment to the State in Glenda's AFDC application. Glenda argues that the child's insurance benefits Rodney II received as a result of his father's disability were not child support and not subject to assignment to the State within the meaning of 42 U.S.C. § 602(a)(26)(A).[3] Otherwise, according to Glenda, Rodney II "has in essence been ordered to repay his own support." Brief of Appellant at 7.

The Supreme Court of the United States effectively decided this question in *Sullivan v. Stroop* (1990), 496 U.S. 478, 110 S.Ct. 2499, 110 L.Ed.2d 438. In *Sullivan*, the Court

considered whether child's insurance benefits paid pursuant to Title II of the Social Security Act constitute "child support" as that term is used in Title IV of the Act governing eligibility for AFDC benefits. *Id.* at 479, 110 S.Ct. at 2501, 110 L.Ed.2d at 443. The provision of the Social Security Act at issue in *Sullivan* stated that in determining the monthly eligibility for benefits, the State agency:

"shall disregard the first $50 of any child support payments for such month received in that month, and the first $50 of child support payments for each prior month received in that month if such payments were made by the absent parent in the month when due, with respect to the dependent child or children in any family applying for or receiving aid to families with dependent children ...;"

42 U.S.C. § 602(a)(8)(A)(vi).

The Supreme Court observed that Title II Social Security payments "are explicitly characterized as 'insurance' benefits and are paid out of the public treasury to all applicants meeting the criteria." *Sullivan,* 496 U.S. at 485, 110 S.Ct. at 2504, 110 L.Ed.2d at 446. Thus, while the Court acknowledged that "Title II child's insurance benefits might be characterized as 'support' in the generic sense," those benefits were not the sort of child support payments from absent parents envisioned by the Act. *Id.* The Court then concluded that Title II child's insurance benefits are not "child support payments" and that no portion of those benefits may be disregarded when computing the combined

---

1. The federal statute provides:
   "A State plan for aid and services to needy families with children must—
        *    *    *    *    *    *
   (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—
   (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed."
   42 U.S.C. § 602(a)(26)(A).

2. The Indiana statute in its entirety states:

   "If an applicant for assistance is entitled to child support or spousal support, the applicant shall, to be eligible for assistance and in compliance with federal regulations, assign the right to:
   (1) accrued;
   (2) present; and
   (3) pending support;
   payments to the state agency responsible for administering Title IV–D of the federal Social Security Act." IND.CODE § 12–14–7–1.

3. Title II of the Social Security Act grants a dependent child of an individual entitled to social security benefits, such as a handicapped individual, child's insurance benefits if that child meets certain requirements. *See* 42 U.S.C. § 402(d)(1).

value of the family's resources for AFDC benefits eligibility. *Id.*

Here, the reasoning in *Sullivan* applies to the State's attempt to recover Rodney II's Title II child's insurance benefits through Glenda's assignment of support in her AFDC application. Rodney II was eligible for Title II child's insurance benefits because his father was disabled. Having met the applicable criteria, Rodney II was entitled to those insurance benefits out of the public treasury. *See id.* The trial court ordered Rodney to apply for child's insurance benefits on Rodney II's behalf, but those benefits were paid by the government and not by Rodney pursuant to a child support order. Therefore, we conclude from the Supreme Court's holding in *Sullivan* that Title II child's insurance benefits do not constitute support within the meaning of the assignment of support provision in 42 U.S.C. § 602(a)(26)(A) and Indiana Code § 12–14–7–1.[4] *See Potts v. Potts* (1992), Okla.App., 829 P.2d 81, 83 (following *Sullivan* and holding that Children's Social Security insurance benefits cannot be considered "support" under AFDC assignment of "rights to support" to state Department of Human Services).

Accordingly, we hold that Rodney II's Title II child's insurance benefits are not "support" as that term is used in either 42 U.S.C. § 602(a)(26)(A) or Indiana Code § 12–14–7–1. When Glenda agreed to assign Rodney II's rights to support as a condition of receiving AFDC assistance, Glenda did not assign his child's insurance benefits. The trial court erred when it ordered Glenda to reimburse the State of Indiana for previously paid

AFDC benefits from Rodney II's child's insurance benefits.

Reversed.

BAKER and SULLIVAN, JJ., concur.

**4.** Unlike Indiana's version, the federal assignment of support provision uses the term "support" rather than "child support." *See* 42 U.S.C. § 602(a)(26)(A). However, that difference is insignificant. Several jurisdictions have implicitly recognized in other contexts that the term "support" in subsection (a)(26) of Title 42, Section 602 means child support. *See Matter of Stovall* (1983), 7th Cir., 721 F.2d 1133, 1134–35 (42 U.S.C. § 602(a)(26), governing assignment to state of child support debts, includes child support arrearages before and after assignment executed); *City and County of San Francisco v. Thompson* (1985), Cal.App., 218 Cal.Rptr. 445, 450, *review denied* (in applying for AFDC, custo-

dial mother assigns her child support rights from child's father to state); *State ex rel. Southwell v. Chamberland* (1985), Minn., 361 N.W.2d 814, 818 (assignment of support to state by mother gave state right to all support owed by father up to total AFDC benefits received; assignment extinguished mother's right to recover assigned child support arrearages on her own behalf); *see also Winchell v. Winchell* (1986), Ill.App., 495 N.E.2d 598, 600 (person with custody of child who accepts AFDC is deemed to have assigned to state any support obligation to child; person responsible for providing child support has corresponding obligation to state).