Billy J. STULTZ, Appellant–Petitioner,

v.

Marikay STULTZ, Appellee–Respondent.

No. 54A01–9407–CV–239.

Court of Appeals of Indiana,
First District.

Dec. 15, 1994.

Donald G. Thompson, Crawfordsville, for appellant.

Margret G. Robb, Margret G. Robb & Associates, Lafayette, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Billy Stultz appeals from the trial court's judgment modifying his Decree of Dissolution of Marriage. After his retirement, Billy filed a motion to modify the decree's provisions concerning child support and medical expenses. The trial court modified those provisions but concluded that Billy was not entitled to a credit against his child support obligation for social security retirement benefits received by the children.

We reverse and remand.

### ISSUE

The sole issue presented on appeal is whether a non-custodial parent is entitled to a credit against his child support obligation for social security retirement benefits received by his children.

### FACTS

The marriage of the parties was dissolved on October 31, 1991. Pursuant to the dissolution decree, Marikay was granted custody of the two minor children, and Billy was granted visitation and ordered to pay child support. At the time of dissolution, Billy was employed by R.R. Donnelley & Sons. As a result of Billy's subsequent retirement, and the contributions he and his employer had made during his employment, the children directly receive social security benefits of $425.00 per month per child. Due to his retirement, Billy filed a petition to modify his child support obligation, and he also sought a credit against his support obligation for the social security benefits being paid to the children.

At Billy's request, after a hearing, the trial court entered special findings. The court concluded that there had been a substantial change in the circumstances of the parties which rendered the previous child support order unreasonable. The court found that due to a retirement incentive Billy was to receive for one year, Billy's weekly gross income for 1994 was $1383.00 but that his weekly gross income for 1995 would be reduced to $560.00. Based on these determinations, the court calculated that Billy's support obligation would be $323.00 per week for a period of one year after the modification, and $158.00 per week thereafter. The court further concluded that Billy was not entitled to a credit against his support obligation for the

social security benefits received by the children.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing a judgment accompanied by requested findings of fact and conclusions of law, we are bound by a limited standard of review. *Cap Gemini America, Inc. v. Judd* (1992), Ind.App., 597 N.E.2d 1272, 1278, *trans. denied.* Our review is two-tiered: we first determine whether the evidence supports the findings and then determine whether the findings support the judgment. *Kaminszky v. Kukuch* (1990), Ind. App., 553 N.E.2d 868, 870, *trans. denied.* The findings and the judgment thereon will be set aside only if clearly erroneous. *Williams v. Rogier* (1993), Ind.App., 611 N.E.2d 189, 192, *trans. denied.*

### Social Security Benefits as "Child Support"

Billy contends that his child support obligation should be credited with the social security benefits that the children receive due to his retirement. Specifically, Billy argues that this court's decision in *Poynter v. Poynter* (1992), Ind.App., 590 N.E.2d 150, controls. We agree.

■ In *Poynter,* we considered whether a parent is entitled to credit against child support payments for social security disability benefits paid to the children because of that parent's disability. *Id.* at 152. While prior Indiana cases had dealt with whether it was proper to grant a credit for social security benefits paid on behalf of the parent, in *Poynter* we addressed for the first time whether it was error for a trial court to refuse to grant such a credit. There, we reviewed the decisions of other jurisdictions and observed several states have held that a parent is entitled to a credit against his or her child support obligation for social security benefits paid to the children. The rationale behind granting a credit "is that social security benefits are not gratuities but are earned, and they substitute for lost earning power because of the disability." *Id.* (citing Annotation, *Right to Credit on Child Support*

*Payments for Social Security or Other Governmental Dependency Payments Made For the Benefit of Child,* 77 A.L.R.3d 1315, 1319 (1977 & Supp.1991).

We followed the rule that the disabled parent is entitled to have child support obligations credited with the social security disability benefits received by the child due to the parent's disability. *Id.* Thus, in *Poynter,* because we concluded that the mother's child support obligation "should have been credited" with the social security benefits, we reversed and remanded for the trial court to amend its support order. *Id.* at 152–53.

Marikay first argues that *Poynter* does not apply because it considered a credit for social security disability benefits rather than for social security retirement benefits which are at issue in the present case. However, we do not find any significant distinction between those two types of benefits. In *Poynter,* the children received social security benefits because of their mother's disability. Here, the children received social security benefits because of their father's retirement. In both instances the benefits were earned by an employee based on contributions in the form of deductions from wages during employment. Thus, when considering whether to grant a credit towards child support, courts have not distinguished between social security disability benefits and social security retirement benefits. *See e.g. In Re Marriage of Robinson* (1982), Colo.Ct.App., 651 P.2d 454; *Childerson v. Hess* (1990), 198 Ill. App.3d 395, 144 Ill.Dec. 551, 555 N.E.2d 1070; *Andler v. Andler* (1975), 217 Kan. 538, 538 P.2d 649. We conclude that when considering whether a parent is entitled to a credit against his child support obligation, there is no distinction between social security retirement benefits and social security disability benefits.

Next, Marikay maintains the trial court's decision was not clearly erroneous. She urges that Indiana should follow several other jurisdictions and adopt a rule which provides that the receipt of social security benefits by the children is only one of a number of factors that the trial court, in its discretion, may consider in making a decision concerning modification of child support.

However, we find nothing in *Poynter* to indicate that the direct receipt of social security benefits by the children is merely a factor to be considered. Indeed, this court held that the obligor parent is *entitled* to a credit for benefits received by the child because of that parent's disability. *Poynter*, 590 N.E.2d at 152. Because on this question we find no distinction between social security disability benefits and social security retirement benefits, we apply *Poynter* and conclude that the obligor parent is entitled to a credit for social security benefits received by the child due to that parent's retirement. A parent's child support obligation is largely determined by income, and we can see no reason why social security benefits should not be credited towards the obligation to pay because social security is essentially a substitute for income. *See Childerson*, 144 Ill.Dec. at 554, 555 N.E.2d at 1073.

Finally, Marikay claims that our decision in *Head v. State* (1994), Ind.App., 632 N.E.2d 749, rather than *Poynter*, controls. In *Head*, we considered whether the State of Indiana could recover social security child's insurance benefits that accrued while the child's family received Aid to Families with Dependant Children (AFDC) assistance from the State *Id.* at 750. We held that the trial court erred when it ordered the mother to reimburse the State of Indiana for previously paid AFDC benefits from the child's social security benefits. *Id.* at 752.

In *Head*, unlike the present case, we considered the narrow question of whether social security benefits could be considered "child support" as that term is used to govern the mandatory assignment of AFDC benefits to the State as provided in 42 U.S.C. § 602(a)(26)(A) and Indiana Code § 12–14–7–1. *Id.* at 751. We determined only that the social security benefits were not child support for the purposes of repayment to the State of Indiana under its AFDC program. *Id.* at 752. Accordingly, *Head* does not apply to the case now before us.

Based on our decision in *Poynter*, we conclude that a trial court is required to grant a credit towards a retired parent's child support obligation for social security benefits received by the children due to that parent's retirement.[1] As a matter of law Billy was entitled to a credit for social security payments toward his child support obligation. Therefore, we reverse and remand with instructions to amend the modification order consistent with this opinion.

Reversed and remanded with instructions.

ROBERTSON and STATON, JJ., concur.

---

1. In its thorough findings, the trial court concluded that Indiana Code § 31–1–11.5–12(a)(2) controlled. That section requires the court to consider among other things "the standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not be ordered." However, this general statutory prescription must yield to the specific rule set out in *Poynter*.