In re the MARRIAGE OF Viola
(Saylor) MURRAY, Appellant
(Respondent Below),

**and**

Shelby R. Saylor, Appellee
(Petitioner Below).

No. 3–583A163.

Court of Appeals of Indiana,
Third District.

March 22, 1984.

██ 

██ 

Romero & Thonert, Fort Wayne, for appellant.

Mark C. Chambers, Fort Wayne, for appellee.

STATON, Presiding Judge.

The marriage of Viola (Wife) and Shelby (Husband) Saylor was dissolved on November 26, 1979. An agreed property settlement was approved by the court and incorporated into the dissolution decree. On May 5, 1982, Wife filed a petition to vacate the property settlement agreement. Husband moved to dismiss the petition for Wife's failure to comply with the applicable two-year statute of limitations. Wife appeals from the dismissal of her petition and award of attorney's fees to Husband, raising five issues:

(1) Whether the trial court erred in determining as a matter of law that Husband was not equitably estopped from raising the statute of limitations as a defense;

(2) Whether Husband's motion to dismiss was timely filed;

(3) Whether the trial court erred in failing to strike Husband's motion to dismiss when it was not accompanied by a supporting memorandum as required by a local court rule;

(4) Whether the two-year statute of limitations which applies to actions seeking to set aside a property division violates the equal protection clause of the constitution;

(5) Whether the trial court erred in awarding attorney fees to Husband.

Affirmed.

### I.

### Equitable Estoppel

The marriage of the parties was dissolved on November 26, 1979. The dissolution decree incorporated a property settlement agreement which had been executed by the parties. Pursuant to the property division, Husband received the marital home, two automobiles, his personal possessions, and five thousand dollars. Wife received her personal possessions, a 1979 Cadillac, and five thousand dollars. From the time of the divorce until late spring of 1980, Wife rented an apartment but would frequently stay with Husband for as long as two or three days at a time. In June, 1980, Wife returned to live with Husband. The couple lived together until November, 1981, when Husband asked Wife to leave. In May, 1982, Wife filed this action seeking to set aside the property settlement agreement alleging that it was fraudulently obtained by Husband. Husband moved to dismiss the suit on the basis that Wife failed to bring this action within two years of the dissolution decree as required by IC 1976, 31–1–11.5–17.[1]

In granting Husband's motion to dismiss, the trial court considered the depositions of the parties and the affidavit of Wife; therefore, the motion is to be treated as a summary judgment motion. Ind.Rules of Procedure, Trial Rule 12(B). In reviewing a grant of summary judgment, we apply the same standard as that applied by the trial court. Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is

---

1. IC 31–1–11.5–17 reads, in pertinent part:
 "The orders as to property disposition entered pursuant to section 9 of this chapter may not be revoked or modified, except in case of fraud which ground shall be asserted within two (2) years of said order...."
 West's A.I.C. (1983 Supp.).

entitled to judgment as a matter of law. TR. 56(C). A genuine issue exists if the trial court would be required to resolve disputed facts. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1143. Summary judgment is likewise inappropriate if conflicting inferences arise from the facts. *McKenna v. City of Fort Wayne* (1981), Ind.App., 429 N.E.2d 662, 664. Any doubt as to a fact, or an inference to be drawn therefrom, is resolved in favor of the party opposing the motion for summary judgment. *Poxson v. General Motors Acceptance Corporation* (1980), Ind.App., 407 N.E.2d 1181, 1184. However, in order to preclude summary judgment, the conflicting facts or inferences must be decisive to the action or a relevant secondary issue. *Jones v. City of Logansport, supra.*

Wife contends that Husband should be estopped from relying on the statute of limitations because, while the dissolution action was pending, Husband

"begged me to not let his filing for a divorce influence my decision on whether we were going to make a go of this marriage or not. That we were using this as a means for reconciliation. That maybe being apart would make it easier for both of us to realize how much we had, how much we had to lose, and that maybe filing for a divorce and living apart would bring us closer together."

Wife further alleges that Husband assured her that if the marriage ultimately failed, he would return to her one-half of the home. Thus, Wife asserts, because of Husband's representations, she did not consider the marriage ended or the property division final until she was forced to leave Husband's home in November, 1981, and Husband refused to acknowledge her interest in the house.

The elements which comprise an equitable estoppel defense are essentially those which would give rise to a claim of actual or constructive fraud. *See Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161. In any fraud case, one must show that he relied upon the conduct or representations of another to his detriment. The element of reliance has two prongs—the fact of reliance and the right of reliance. *Plymale v. Upright* (1981), Ind.App., 419 N.E.2d 756. In this case, Wife had no right to rely on Husband's representations regarding the positive effect the divorce would have on their relationship. Our divorce laws are not designed to be employed as an experiment in creative marriage enhancement. Husband's representation that he wanted to "make a go of the marriage" was wholly inconsistent with his conduct in filing for and obtaining a divorce. Wife had no right to ignore the legal effect of a divorce. Therefore, the Wife's allegations fail to support an estoppel defense to the statute of limitations.

## II.

### Timeliness of Motion to Dismiss

Wife filed her petition to vacate the property settlement agreement on May 5, 1982. Husband filed no pleading until November 10, 1982, when he filed his answer which included a motion to dismiss. Wife contends that because the motion was not filed within twenty days of the complaint, it is untimely and the affirmative defense of statute of limitations has been waived. We disagree.

A responsive pleading is not required in actions brought under IC 31–1–11.5. West's A.I.C., 31–1–11.5–4(d) (1983 Supp.); *In re Marriage of Brown* (1979), 180 Ind. App. 1, 387 N.E.2d 72, 73. When the adverse party is not required to file a responsive pleading, he "may assert at trial any defense in law or fact to that claim for relief." TR. 12(B). Wife's action is brought pursuant to IC 31–1–11.5–17. Thus, Husband could raise his affirmative defense at trial or, of course, any time before trial.

## III.

### Local Rule Five

Husband filed his motion to dismiss on November 10, 1979. At that time it was not accompanied by a supporting memoran-

dum of law. On November 16, 1979 Husband did file a brief in support of his motion. A hearing on the motion was held the next day. No ruling was made at that time; Wife was given approximately thirty days to file a response to the motion, which she did.

Allen Superior Court Rule 5 provides:

"A. *Motions Requests and Memoranda in Support Thereof.* All motions and requests filed in any pending cause shall be accompanied by a memorandum in support thereof, excepting only the following: (a) Motion for Enlargement of Time, (b) Motion for Change of Venue from the County, (c) Motion for Change of Venue from the Judge, (d) Motion for Entry of Default, (e) Request for Jury Trial, (f) Party's Motion to Dismiss all or part of its own case, (g) Motion to Consolidate, (h) Motions during Trial, (i) Requests for findings of fact and conclusions of law, and (j) Motions to Transfer to Preferred Venue County. Opposing briefs may be filed within ten days from the date of filing of the motion.

Any motion requiring the filing of a memorandum which is filed without a memorandum in support thereof shall be deemed to have been stricken as of the day of its filing and a motion seeking the same relief shall not thereafter be filed unless the Court, for good cause shown, shall otherwise order to prevent manifest injustice."

Wife asserts that pursuant to Local Rule 5, Husband's motion to dismiss should be stricken as of the date it was filed because it was not accompanied by a memorandum of law.

TR. 81 provides that each local court may adopt "rules governing its practice not inconsistent with these rules." A local rule which is inconsistent with the Indiana Trial Rules is deemed to be without force and effect. *Armstrong v. Lake* (1983), Ind. App., 447 N.E.2d 1153, 1154. In this instance we find Allen Superior Court Rule 5 to be inconsistent with TR. 12(B). TR. 12(B) allows certain defenses to be raised

by motion. It does not require an attachment of a memorandum, and the Allen Superior Court's attempt to attach this condition to motions made pursuant to Rule 12(B) is an improper impingement thereon; thus, it is without effect. *See Lies v. Ortho Pharmaceutical Corp.* (1972), 259 Ind. 192, 286 N.E.2d 170, 173.

## IV.

### Equal Protection

Wife next asserts that the two year statute of limitations violates the equal protection guarantees of the Fourteenth Amendment and Art. I § 23 of the Indiana Constitution. Wife points out that she is constrained by the two year statute applicable to actions seeking to set aside a property division on the basis of fraud while all other fraud actions are limited by a six year statute of limitations. West's A.I.C. 34-1-2-1. Thus, Wife asserts, her fraud action is treated differently than other fraud actions in violation of her right to equal protection.

██ Generally, strict judicial scrutiny of legislative classifications is necessary only when a suspect class or a fundamental right is involved. *Rohrabaugh v. Wagoner* (1980), Ind., 413 N.E.2d 891. It should come as no surprise that Wife does not contend that persons seeking to set aside a property division constitute a suspect class. A suspect class is one

"saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process."

*San Antonio Independent School District v. Rodriguez* (1973), 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16.

We find no suspect class involved in this case.

██ Strict judicial scrutiny is also proper where a legislative classification impinges upon a fundamental right. However, the existence of a reasonable statute of limita-

tions does not infringe upon one's fundamental right to seek redress in court. *Rohrabaugh, supra* at 893. Thus, this statute of limitations will be declared unconstitutional only if it is shown to be arbitrary, capricious, or without a reasonable relation to a permissible legislative objective. *Winney v. Board of Comm'rs* (1977), 174 Ind. App. 624, 369 N.E.2d 661.

 The statute of limitations at issue in this case was enacted in order to eliminate the vexatious litigation which often accompanies a dissolution action. *See Lankenau v. Lankenau* (1977), 174 Ind. App. 45, 365 N.E.2d 1241. We conclude that the statute does bear a rational relation to a legitimate and compelling governmental interest. Wife's challenge to the constitutionality of the statute of limitations found in IC 31–1–11.5–17 is without merit.

## V.

### Attorney Fees

Finally, Wife challenges the trial court's award of attorney fees to Husband in the amount of $750. Wife asserts that the award was erroneous because no evidence was presented as to: (1) the amount of time expended or the nature of the work performed by Husband's counsel; or (2) the ability of Wife to pay the attorney fee.

 IC 31–1–11.5–16 provides that the trial court may award attorneys' fees incurred in maintaining or defending an action brought under IC 31–1–11.5. An award of attorney fees will be disturbed only when an abuse of discretion is clearly demonstrated. *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148; *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696. While we agree that it is the better practice to present evidence as to time expended, the nature and difficulty of the case, and other factors relevant to determining the amount to be awarded, *U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind. App., 407 N.E.2d 287, 295–96, attorney fees may be awarded in divorce actions even where no such evidence is presented. *See Burkhart v. Burkhart* (1976), 169 Ind.App. 588, 349 N.E.2d 707. The trial judge may take judicial notice of what a reasonable attorney fee would be. *McBride, supra; Gray, supra.* In light of the pleadings and memoranda filed, depositions taken and attended, and hearings attended by Husband's counsel, we conclude that the award of $750 in attorney fees is within the discretion of the trial court.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.