**In re the Marriage of Richard R. FREE, Appellant–Respondent,**

**v.**

**Patricia J. FREE, Appellee–Petitioner.**

**No. 01A02–9101–CV–00030[1].**

Court of Appeals of Indiana, Fifth District.

Nov. 27, 1991.

Linda Peterson Powell, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellant-respondent.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellee-petitioner.

RUCKER, Judge.

Richard Free filed a petition seeking the emancipation of his twenty-one-year-old son

---

**1.** This case has been diverted to this office by order of the Chief Judge.

and an abatement of child support. The trial court denied the petition and ordered Richard to continue paying support. Richard now appeals and challenges the trial court's decision as an abuse of discretion.

We affirm.

The marriage of Richard and Patricia Free was dissolved August 8, 1975. Patricia was awarded custody of the parties' four minor children, the youngest of whom is Terry Free. Richard was ordered to pay child support. Terry reached his 21st birthday on August 24, 1990. Thereafter, Richard filed a petition for emancipation and abatement of support.

The record reveals Terry is physically challenged. He has artificial feet up to his ankles, is missing all fingers on his left hand and has no right hand. The record does not reveal the cause of Terry's physical condition; however, it existed prior to his 21st birthday. At the time of the hearing, Terry was living at home with his mother, and owned and operated a car. Terry is employed as a part-time janitor for the North Adams Community School System where he earns $7.85 an hour. His take home pay is $121.00 per week. Terry has applied for a full-time position with the school system, but has had to yield to employees with greater seniority. The record also reveals some aspects of Terry's employment were altered specifically to accommodate Terry; he has to avoid heavy manual labor, heavy weight lifting, and prolonged standing or walking.

Richard's appeal turns upon Ind.Code 31–1–11.5–12(d) which dictates:

(d) The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

(1) the child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court;

(2) the child is incapacitated in which case the child support continues during the incapacity or until further order of the court; or

(3) the child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or post-secondary school for the prior four (4) months and is not enrolled in such a school; and

(C) is or is capable of supporting himself through employment;

in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting himself or capable of only partially supporting himself, the court may order that support be modified instead of terminated.

▆▆▆ Richard contends that because Terry has reached age twenty-one he is presumed emancipated. Therefore, argues Richard, Patricia has the burden of proving at least one of the statutory exceptions applies in this case and has failed to carry her burden. We disagree. The emancipation of a child is never presumed, but must be established by competent evidence. *Caddo v. Caddo* (1984), Ind.App., 468 N.E.2d 593. What constitutes emancipation is a question of law, but whether there has been an emancipation is a question of fact. *Id.* We also note that as petitioner, Richard bore the burden of proving that Terry was emancipated. *See Brancheau v. Weddle* (1990), Ind.App., 555 N.E.2d 1315, 1318.

▆▆▆ In denying Richard's petition, the trial court determined that Terry is "partially disabled and only partially capable of supporting himself." *Record* at 11. Richard contends the trial court erred because a finding that Terry is only partially able to support himself falls under the provisions of Ind.Code § 31–1–11.5–12(d)(3). According to Richard, this provision only applies to children between the ages of 18 and 21. Richard cites no authority for this proposi-

tion, nor does our own research reveal any such authority. In any event, we need not here determine the applicability of Ind. Code § 31–1–11.5–12(d)(3). The trial court entered a general judgment with its findings. Thus, the judgment will be affirmed if it can be sustained on any legal theory supported by the evidence introduced at trial. *United Farm Bureau Mut. Ins. Co. v. Blanton* (1983), Ind.App., 457 N.E.2d 609.

■ In this case, Richard's duty to support Terry ceased upon Terry reaching his twenty-first birthday unless Terry was "incapacitated in which case the child support continues during the incapacity or until further order of the court." Ind.Code § 31–1–11.5–12(d)(2). The question before us, therefore, is whether the evidence introduced at trial demonstrates that Terry is incapacitated within the meaning of the statute. In reviewing this issue we neither reweigh the evidence nor judge the credibility of witnesses. The trial court will not be reversed unless there is a total lack of supporting evidence or the evidence is undisputed and leads to a contrary conclusion. *Brancheau, supra*, at 1317.

"Incapacity" has been defined as the "quality or state of being incapable; want of capacity; lack of physical or intellectual power, or of natural or legal qualification; inability; incapable; disability; incompetence." *Bole v. City of Ligonier* (1959), 130 Ind.App. 362, 161 N.E.2d 189, 194, *reh. denied, quoting* Webster's New International Dictionary, 1931.

In the case before us, the record clearly demonstrates Terry is physically disabled and his capacity for obtaining gainful employment opportunities is limited. When asked if Terry's disabilities would hinder his ability to obtain other employment, Terry's job supervisor testified, "I think it would have to be a pretty special job." *Record* at 48. A vocational rehabilitation counselor testified if Terry lost his job with the school system it would be "extremely difficult" for him to find other employment. *Record* at 53. The record also re-

veals Terry resides with his mother and his yearly living expenses, which exceed $5,000.00, does not include payment for room and board. Nor, does Terry's yearly living expenses include an estimated $5,000.00 for the cost of new prostheses which Terry needs every two to three years. It is reasonable to conclude absent the assistance of his mother and the child support provided by his father, Terry would not be able to meet his living expenses on his take home pay of $121.00 per week.

Richard concedes that Terry has certain physical limitations and is disabled, but argues the undisputed evidence in this case demonstrates Terry is capable of providing for his own care. Richard cites *Caddo, supra*, for the proposition that a child is emancipated, notwithstanding physical disability, so long as the child can live independently. Richard misapplies *Caddo*. In that case, we held "no emancipation occurs where due to illness or injury a child becomes so physically or mentally disabled that he cannot provide for himself but must remain at home with a parent." *Id.* at 594. In so holding, we did not limit the determination of "incapacity" to only those instances in which a child is able to provide for himself. Although "incapacity" includes the inability of the child to provide for himself, it is not limited thereby.

In the case before us, Terry is incapacitated within the meaning of Ind.Code § 31–1–11.5–12(d)(2). The trial court did not abuse its discretion in denying Richard's petition for emancipation and ordering Richard to continue paying child support.

Judgment affirmed.

SHARPNACK and ROBERTSON, JJ., concur.