Deborah MULLIN, Appellant–Petitioner,

v.

Edward MULLIN, Appellee–Respondent.

No. 64A05–9311–CV–420.[1]

Court of Appeals of Indiana,
First District.

March 28, 1994.

Publication Ordered May 25, 1994.

Matthew D. Soliday, Portage, for appellant.

Daniel R. Goeglein, Valparaiso, for appellee.

ROBERTSON, Judge.

Deborah Mullin [Mother] appeals the modification (reduction) of the child support ordered in conjunction with the decree that dissolved her marriage to Edward Mullin [Father]. Mother raises five issues, which we restate and consolidate into four, none of which constitute reversible error.

FACTS

The facts in the light most favorable to the trial court's judgment indicate that the Mullins were divorced on December 6, 1990. Mother was granted custody of the parties' two children, Edward (then age 7), and Nicholas (then age 3). Father was granted reasonable visitation and ordered to pay $290.00 per week in child support. The child support order was computed on the basis of 1) that Father was earning $1,096.00 per week which

1. This case was transferred to this office on March 14, 1994, by direction of the Chief Judge.

included 100% of his overtime pay per week, and 2) that Mother paid $70.00 per week for work-related child care.

In October of 1992, Father initiated the present modification proceedings. The trial court entered some agreed upon modifications in February of 1993. An evidentiary hearing on the remaining contested matters was held on April 23, 1993. Since the divorce, Husband's earnings had been reduced from $23.00 per hour to $14.77 per hour due to a major cut-back by his employer. Nevertheless, Husband had maintained his former income level by working even more overtime. The original child support order had been based on Father working approximately 8 hours a week overtime at the higher wage rate. Since the reduction in his hourly rate, Father had been working approximately 13 hours of overtime per week to make ends meet. The increased overtime had cut into his ability to exercise visitation with his children. Also, Father had moved approximately ten miles further away from his children since the divorce. Moreover, soon after the divorce, Wife quit her job and therefore not been incurring any work-related child care expenses.

The trial court granted Father's petition for modification and lowered his child support obligation to $200.00 per week as indicated by an application of the guidelines. The trial court figured Father's income based on only 20% of the overtime that he had been working in order that he might cut back on his overtime and better enjoy visitation with his boys.

Additional facts are supplied as necessary.

## DECISION

Child support modifications are governed by Ind.Code 31–1–11.5–17(a) which reads, in pertinent part, as follows:

Provisions of an order with respect to child support ... may be modified or revoked. Such modification shall be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

In the present case, the trial court found that a modification was warranted under I.C. 31–1–11.5–17(a)(2), that is, an application of the guidelines produced an award more than 20% lower than the original award and Husband's petition had been filed more than a year after the order had been entered.

■ The trial court's modification of a support order will only be reversed for an abuse of discretion; that is, only when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Gerber v. Gerber* (1985), Ind.App., 476 N.E.2d 531. In determining whether the trial court abused its discretion in modifying a child support order, the court of review does not weigh the evidence or judge the credibility of the witnesses, but, rather, considers only that evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom, and if from that viewpoint, there is substantial evidence to support the finding of the trial court, it will not be disturbed even though the court of review may have reached a different conclusion had it been the trier of fact. *Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157.

■ Neither party requested the trial court to enter findings under Ind.Trial Rule 52. Nevertheless, the trial court entered findings gratuitously. In such cases, the trial court's findings control only as to the issues they cover and a general judgment will control as to issues upon which the court has not found. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind. App., 575 N.E.2d 663, *trans. denied.* A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. *Free v. Free* (1991), Ind.App., 581 N.E.2d 996. Su-

perfluous findings, even if erroneous, cannot provide a basis for reversible error. *Donavan v. Ivy Knoll Apartments Partnership* (1989), Ind.App., 537 N.E.2d 47.

## I.

### THE COMPUTATION OF FATHER'S INCOME

■ Mother argues that the trial court abused discretion in reducing Father's child support obligation. She argues that although Father's hourly wage had dropped, he was still earning approximately the same amount of money by working extra overtime. Thus, she reasons, the support obligation should not have been lowered.

Overtime compensation is includable in the total income approach taken by the guidelines. Ind.Child Support Guideline 3 (Commentary 2.b.). However, the includability of overtime wages in the noncustodial parent's income is a fact sensitive matter and it is not the intent of the guidelines to require a party who has worked a great deal of overtime to continue doing so indefinitely just to meet a support obligation based on that higher level of earnings. *Id.* Care should be taken to set support based on dependable overtime income, while at the same time providing children with the support to which they are entitled. *Id.*

■ The computation of support under the guidelines does not take into consideration credit for time the children spend with the noncustodial parent during regular visitation. Child Supp.G. 6 (Commentary). A high value should be placed on visitation between the children and the noncustodial parent. *Id.* In the vast majority of the cases, maintaining a close relationship and frequent contact between the children and both parents is recognized as being in the best interest of the children. *Id.* Therefore, courts may deviate from the guidelines to encourage visitation. *Id.* Presumably the noncustodial parent would then have additional discretionary income to spend on the needs of the children when they are visiting him. *Id.*

In the present case, Father's hourly wage declined significantly due to cut-backs by his employer. Father nevertheless maintained his earning level and satisfied his child support obligation by working a great deal of overtime. Father testified that all this overtime interfered with his ability to exercise visitation.

The guidelines specifically state that the noncustodial parent should not be required to work an excessive amount of overtime to satisfy a child support obligation based on an artificially high income figure. The flexibility inherent in the guidelines permits the trial court to enable Father to cut back some on his overtime in order that he may better enjoy visitation with his two sons. The trial court abused no discretion in including 20% of Father's overtime income in the computation of his child support and we find no error.

## II.

### FINDINGS WITH RESPECT TO FATHER'S VISITATION

■ Mother attacks two trial court findings. First, she attacks the trial court's finding that "[t]he calculation of Husband's support with 100% of his overtime pay included as dependable income has substantially interfered with his ability to exercise his visitation rights with his children." This finding is supported by evidence. Father testified that he was required to work an excessive amount of overtime to make ends meet and that the additional strain affected several areas of his life, including visitation with his children.

Mother next attacks the trial court's finding to the effect that the Father's move to LaPorte, Indiana further makes precious the time he has to spend with his children. Evidence similarly supports this finding. Father testified that he had moved to LaPorte, some ten miles further away from his children. Therefore, we find no error.

## III.

### WORK–RELATED CHILD CARE EXPENSE

Mother argues the trial court erred by not considering work-related child care expense in the computation of Father's child support obligation. She concedes that she no longer

incurs any work-related child care expense but argues that Father should pay for the baby-sitter she hires when she attends class.

The guidelines define work-related child care expense as a reasonable child care expense incurred due to employment or an attempt to find employment. Child Supp.G. 3(E) (Commentary 1.). Work-related child care expense is an income-producing expense of the parent. *Id.*

Mother's baby-sitting expense is neither work-related nor income-producing. Therefore, the trial court did not err in not including this expense in the computation of Father's child support obligation.

### IV.

### CHANGE OF CIRCUMSTANCES WARRANTING MODIFICATION

Mother attacks the trial court's judgment in several respects, arguing that certain matters do not constitute a change of circumstances so substantial and continuing as to make the original child support order unreasonable as required to obtain a modification under I.C. 31–1–11.5–17(a)(1). As noted above, the trial court ordered the modification because the requirements of I.C. 31–1–11.5–17(a)(2) had been met. Therefore, any trial court finding with respect to changed circumstances is superfluous and cannot constitute the basis of reversible error. *Donavan*, 537 N.E.2d 47.

Judgment affirmed.

BAKER and GARRARD, JJ., concur.