**Vicki Sue YOUNG, Appellant–Petitioner,**

v.

**Thomas Mac YOUNG, Appellee–Respondent.**

No. 82A05–9408–CV–332.

Court of Appeals of Indiana.

Aug. 23, 1995.

Rehearing Denied Nov. 16, 1995.

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, for appellant.

Marilyn R. Ratliff, Kahn, Dees, Donovan & Kahn, Evansville, for appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Vicki Sue Young appeals the trial court's judgment denying her petition for modification of support and request for an order finding contempt. Specifically, Vicki contends that the trial court erred in: 1) terminating the support obligation of appellee-respondent Thomas Mac Young (estate); 2) refusing to find the estate in contempt for failure to pay support; and 3) awarding attorney fees to the estate.

### FACTS

Thomas and Vicki were divorced on January 16, 1986. Vicki was awarded custody of their daughter, Krista, who was ten years old at the time. Thomas was ordered to pay $50.00 per week in child support which he paid until his death on March 18, 1992. Since his death, Thomas' estate has not made any of the $50.00 per week child support payments. However, Krista did receive social security benefits in the amount of $821.00 per month from March 1992, through December 1992, and $848.00 per month from January 1993, until August 1993. She also received a monthly dependent benefit from Thomas' Teacher's Retirement Fund in the amount of $450.44 from March 1992, until August 1993. The social security and the retirement fund benefits ceased upon Krista's eighteenth birthday on August 31, 1993. In addition to the monthly benefits paid to Krista, she received the statutory survivor's allowance of $8,500.00, a lump sum payment in the amount of $49,522.99 from the retirement fund, for which she had been named beneficiary, and the lump sum amount of $969.76 from an annuity for which she had been named beneficiary.

In August 1993, Krista enrolled at Indiana University as a full-time student with the intent of completing an undergraduate degree and a graduate degree. On January 12,

1994, Vicki filed a petition to modify the support order seeking an increase in child support and payment of educational expenses for Krista. Additionally, Vicki filed a petition for contempt, alleging that the estate had failed to pay support and that she was entitled to back support. At the time of the hearing in April 1994, Krista had lived on campus since her enrollment in school and had been paying all of her college and living expenses. She was not employed and the expected cost of her education was $10,000.00 to $11,000.00 per year.

Initially, Thomas' estate had total assets of $88,186.46, which included the retirement fund and the annuity that were paid to Krista. At the time of the hearing, the estate's assets were approximately $1,800.00 and a claim against Horace Mann Insurance Co. in which the estate alleged that Horace Mann improperly paid a $100,000.00 benefit to Vicki.[1]

On May 17, 1994, the trial court entered an order in which it denied Vicki's petition for contempt, denied her request to require the estate to contribute to Krista's educational expenses, and found her request for back support was time barred. In addition, the court determined that the estate's support obligation had terminated because Krista became emancipated on her eighteenth birthday. Finally, the court denied Vicki's request for attorney's fees, but ordered Vicki to pay the estate's attorney's fees in the amount of $660.00.

## DISCUSSION AND DECISION

### I. Standard of Review

The trial court entered findings of fact and conclusions of law pursuant to Vicki's request. When we review such a case, we will not set aside the judgment unless it is clearly erroneous. A judgment is clearly erroneous when the evidence does not support the findings of fact or when the findings of fact do not support the conclusions. *Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 167. In determining wheth-

er the findings and judgment are clearly erroneous, we will neither reweigh the evidence nor judge witness credibility, but we will consider only the evidence and reasonable inferences therefrom which support the judgment. *Id.*

### II. Termination of Support

Vicki contends that the trial court's conclusion that Krista was emancipated as of September 1993, is not supported by the findings of fact and thus, the trial court erred in concluding that the estate's support obligation terminated at that time. IND.CODE § 31–1–11.5–12(d)(1) provides that child support terminates when the child is emancipated before reaching twenty-one years of age. The child is emancipated before reaching twenty-one years of age only if the court finds that the child (1) has joined the armed forces, (2) has married, or (3) is not under the care or control of (A) either parent, or (B) an individual or agency approved by the court. I.C. § 31–1–11.5–12(e); *Taylor v. Chaffin* (1990), Ind.App., 558 N.E.2d 879, 883. What constitutes emancipation is a question of law, while whether there has been an emancipation is a question of fact. *Id.* at 882. Emancipation cannot be presumed, but must be established by competent evidence. *Free v. Free* (1991), Ind.App., 581 N.E.2d 996, 997. The petitioner seeking emancipation has the burden of proving that the child is emancipated. *Id.*

According to I.C. § 31–1–11.5–12(e)(3)(A), emancipation occurs when the child places himself beyond the control, custody, and care of either parent. Our inquiry under that section is whether the child is in fact supporting herself without the assistance of her parents. *Taylor*, 558 N.E.2d at 883. In the present case, there is no evidence that Vicki provided Krista with any support for either college expenses or living expenses. Rather, the record reveals that Krista was in fact supporting herself without the assistance of either parent. Thus, the trial court correctly found that as of September 1993, Kris-

1. The estate's claim against Horace Mann Insurance, in which it alleged that the insurance company improperly paid a $100,000.00 benefit to Vicki, was resolved in favor of Vicki and the insurance company. We affirmed the trial court's decision on appeal. *Distler v. Horace Mann Life Ins. Co.* (1994), Ind.App., 644 N.E.2d 918.

ta was over the age of 18, living on her own, and paying all of her college and living expenses. This finding is sufficient to support the trial court's conclusion that Krista was emancipated.

Further, the trial court terminated the estate's obligation to pay support as of September 1993, the date of Krista's emancipation. I.C. § 31–1–11.5–12(d)(1) provides that the duty to support a child ceases upon a child's emancipation. In addition, I.C. § 31–1–11.5–17(d) provides that child support obligations are terminated by the emancipation of the child. Here, since the trial court properly determined that Krista was emancipated as of September 1993, the trial court properly terminated the estate's obligation to pay support as of that date.[2]

### III. Contempt

Next, Vicki alleges that the trial court erred in refusing to find the estate in contempt for failure to pay support. Vicki argues that this was error because the social security benefits should not have been credited to the estate and because any overpayment of support through the social security benefits could not be treated as prepayment of support.

Contempt is available only upon a finding that a delinquency in support was the result of a willful failure by the parent to comply with the support order and the parent had the financial ability to comply. *Pettit v. Pettit* (1993), Ind., 626 N.E.2d 444, 447. We will reverse a trial court's refusal to hold a party in contempt only upon a showing of an abuse of discretion in the trial court's determination that the party did not willfully disobey the support order. *Kirchoff v. Kirchoff* (1993), Ind.App., 619 N.E.2d 592, 596.

IND.CODE § 31–1–11.5–17(d) provides that child support obligations are not terminated by the death of the parent obligated to pay support. Here, the estate did not pay Thomas' support obligation of $50.00 per week after Thomas' death in March of 1992. However, from March 1992, until August 1993, Vicki received, as Krista's guardian, social security survivor benefits resulting from Thomas' death in excess of $800.00 per month, an amount greater than his support obligation. We have held that social security disability benefits paid on behalf of minor children should be credited towards the disabled parent's support obligation. *Poynter v. Poynter* (1992), Ind.App., 590 N.E.2d 150, 152.[3] This is because social security benefits are not a gratuity, but are earned and are a substitute for lost earning power. *Id.* We find no reason why this rule should not apply to social security survivor benefits paid on behalf of a minor child. Therefore, the trial court did not err in finding that the estate was not in contempt for failure to pay child support from March 1992 through August 1993, while Krista was receiving the social security survivor benefits.

Furthermore, the trial court did not err in refusing to find the estate in contempt for failure to pay support after the social security benefits ceased. The social security benefits ceased on Krista's eighteenth birthday, the date of Krista's emancipation. Accordingly, the estate's obligation to pay support terminated at that time. Since the estate had no obligation to pay support, it could not be held in contempt.

### IV. Attorney's Fees

Vicki argues that the trial court erred in awarding attorney's fees to the es-

---

**2.** Vicki also argues that the trial court erred in terminating the estate's obligation to pay support because the estate did not petition to have support revoked. *See* I.C. § 31–1–11.5–17(d). However, since we determined that the support obligation terminated because of Krista's emancipation, we need not address whether the trial court could have revoked the support obligation due to Thomas' death.

**3.** Vicki argues that *Poynter* is not good law in light of *Head v. State* (1994), Ind.App., 632 N.E.2d 749. In *Head,* this court, following *Sulli-*

*van v. Stroop* (1990), 496 U.S. 478, 110 S.Ct. 2499, 110 L.Ed.2d 438, held that social security disability payments were not "support" as that term is used in state and federal statutes mandating that recipients of Aid to Families with Dependent Children (AFDC) assign to the state any rights to "support." *Id.* at 751–52. Because *Poynter* did not involve eligibility for AFDC benefits, *Head* does not affect the court's holding in *Poynter* that social security payments may be credited towards a parent's support obligation under a child support order.

tate because the estate did not request attorney's fees and because no evidence was presented as to the amount of time or effort expended by the estate's attorney to defend this action. IND.CODE § 31–1–11.5–16(a) provides that "[t]he court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees...." The award of attorney's fees in proceedings to modify a child support award is within the sound discretion of the trial court and will be reversed only upon a showing of a clear abuse of that discretion. *Searcy v. Searcy* (1991), Ind.App., 583 N.E.2d 1216, 1222, *trans. denied.*

I.C. § 31–1–11.5–16(a) does not mandate that a party must request attorney's fees in order for the trial court to award them. Thus, it is irrelevant that the estate did not request attorney's fees. Further, although the better practice is to present evidence as to the time expended and the nature and difficulty of the case, attorney's fees may be awarded in modification proceedings even where no such evidence is presented. *See In re Marriage of Murray* (1984), Ind.App., 460 N.E.2d 1023. The trial court may take judicial notice of what a reasonable fee would be. *Id.* In determining the award of attorney's fees, the trial court must consider the parties' resources, their economic condition, their ability to engage in gainful employment, and other factors that bear on the award's reasonableness. *Id.* Here, the trial court found that the estate had assets of approximately $1,800.00 with a potential asset of $100,000.00 from the pending claim against Horace Mann. Vicki's annual income was approximately $45,000.00 and she received $118,000.00 from life insurance policies upon Thomas' death. The trial court did not abuse its discretion in awarding attorney fees to the estate in the amount of $660.00.

Judgment affirmed.

RUCKER, J., concurs:

BARTEAU, J., dissents with separate opinion.

BARTEAU, Judge, dissenting.

I respectfully dissent. Indiana Code 31–1–11.5–12(d)(1) provides that child support terminates when the child is emancipated before reaching twenty-one years of age. The child is emancipated before reaching twenty-one years of age only if the court finds that the child (1) has joined the armed forces, (2) has married, or (3) is not under the care or control of (A) either parent, or (B) an individual or agency approved by the court. I.C. 31–1–11.5–12(e); *Taylor v. Chaffin* (1990), Ind.App., 558 N.E.2d 879, 883. Subsection (e)(3)(A) is the only emancipating event relevant to this appeal. What constitutes emancipation is a question of law, while whether there has been an emancipation is a question of fact. *Id.* at 882. Emancipation cannot be presumed, but must be established by competent evidence. *Moody v. Moody* (1991), Ind.App., 565 N.E.2d 388, 390. The petitioner seeking emancipation has the burden of proving that the child is emancipated. *Free v. Free* (1991), Ind.App., 581 N.E.2d 996, 997.

The trial court found that Krista had not lived at home since turning eighteen and enrolling at college and had been paying all of her college and living expenses. The trial court further found that after paying for first year college and living expenses, Krista had remaining funds of approximately $40,000. These findings are correct but they do not satisfy any of the emancipating events set out in I.C. 31–1–11.5–12(e).

Emancipation cannot be found merely because Krista is living on campus and paying her own college and living expenses while at school. *See Taylor,* 558 N.E.2d 879 (many children attending college live away from home during school and exhibit some independence, but are not necessarily emancipated); *see also In re Marriage of Brown* (1992), Ind.App., 597 N.E.2d 1297. "[N]either a child's employment nor independent living necessarily means the child is emancipated. Rather, emancipation occurs when the child places herself beyond the control, custody and care of her parents." *Id.* at 1300. There was no evidence presented nor did the trial court find that Krista was no longer under the care and control of Mother. Further, there was no evidence presented

from which it could be inferred that Krista is no longer under the care and control of her Mother and supporting herself without the assistance of her Mother. We certainly cannot presume, nor can an inference be made, that Krista is no longer under the care and control of her mother where the only evidence is that Krista was living on campus while in school and paying her own living expenses. The hearing took place during Krista's first year of college. No evidence was presented as to where Krista would live during the summers and we cannot presume she would not live with Mother, as she had been doing before enrolling school. Therefore, we cannot presume that she was not under Mother's care and control and supporting herself without the assistance of her Mother. The estate had the burden of proving she was not under Mother's care and control. *Free,* 581 N.E.2d at 997. Because the estate did not present evidence that Krista was no longer under the care and control of Mother, the trial court erred in finding that Krista was emancipated in September of 1993. Thus, the estate's obligation to pay support did not cease as of September, 1993.

Further, the trial court erred in failing to find the estate in contempt for failure to pay support after the social security payments ceased. The estate has not paid its obligated support payments since September of 1993. Although the trial court concluded that this failure to pay was not intentional, no evidence supports this conclusion.

We will reverse the trial court's refusal to find contempt only upon a showing that the trial court abused its discretion. *Kirchoff v. Kirchoff* (1993), Ind.App., 619 N.E.2d 592, 596. The trial court abuses its discretion if no evidence supports its determination. *Id.* The person seeking a finding of contempt has the burden of showing that there is a support obligation established and that the obligation has not been met. Once this is done, the burden of proof then shifts to the person or entity charged with contempt who must prove that the failure to meet the support obligation was not willful or otherwise excused. *Id.* at 597; *see also Patrick v. Patrick* (1988), Ind.App., 517 N.E.2d 1234, 1237;

*Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1284.

Here Mother established a support order and the fact that the support was not paid. Thus, the burden shifted to the estate to show the nonpayment was not willful. The estate presented absolutely *no* evidence excusing its nonpayment of support for the child after the social security benefits terminated. The only evidence in the record is that the estate did not pay support and it had funds available to pay support. Under these circumstances, there is no evidence to support the trial court's finding that the refusal to pay was not intentional. The trial court abused its discretion in refusing to find the estate in contempt.