Richard W. LAWSON, Appellant–
Respondent,

v.

Brenda L. LAWSON, Appellee–Petitioner.

No. 27A02–9801–CV–8.

Court of Appeals of Indiana.

May 22, 1998.

John B. Milford, Marion, for Appellant–Respondent.

Warren Haas, Marion, for Appellee–Petitioner.

## OPINION

MATTINGLY, Judge.

### Case Summary

Appellant, Richard L. Lawson ("Richard"), filed a Petition seeking to emancipate his

son, R.T.L., in response to Motions for Nonpayment of Support and Increase in Support filed by Appellee Brenda L. Lawson ("Brenda"). We affirm the trial court's Order denying Richard's Petition for Emancipation.

## Issue

Richard raises one issue for our review which we restate as: whether a dependent child becomes emancipated upon joining the Indiana Army National Guard ("National Guard") subject to a delayed entry/enlistment program.

## Facts and Procedural History

Richard and Brenda are the parents of a son, R.T.L., born on July 7, 1979. The parties' marriage was dissolved on February 29, 1980 and Brenda was awarded custody. On January 9, 1997, at age 17½ and in his junior year of high school, R.T.L. enlisted in the National Guard. One of the specific conditions of his enlistment was that he was required to satisfactorily complete high school or his enlistment would be terminated. During the remainder of his junior year, he lived in Brenda's home and under her parental control and supervision. R.T.L. completed basic training during the summer between his junior and senior year, and returned to Brenda's home to complete his senior year of high school. During his senior year, he attended weekend duty with the National Guard and worked part time at the local supermarket.

Richard regularly paid his court ordered child support up until June 18, 1997. On August 21, 1997, Brenda filed a Citation Motion for Nonpayment of Support and Motion for Increase in Support. On August 29, 1997, Richard filed a Petition for Emancipation. The trial court held a hearing and entered findings of fact and conclusions of law, in part, as follows:

## I. FINDINGS BY THE COURT

. . . .

H. On or about January 6, 1997, when the child was 17½ years of age and a high school junior, the child enlisted in the Indiana Army National Guard ("the Na-tional Guard") for a term of eight years with [Brenda's] consent. One of the specific conditions of the child's enlistment in the National Guard is that he is required to satisfactorily complete high school, or his enlistment will be terminated.

I. After enlisting in the National Guard, the child continued with his junior year of high school, lived in [Brenda's] home and was under her parental control and restraint.

. . . .

K. After graduating from basic training, the child returned to [Brenda's] home and has begun his senior year of high school. . . . The child is under [Brenda's] parental control and restraint.

L. The National Guard's Commander in Chief is the governor of the State of Indiana. [See IC 10–2–2–3.] if the National Guard were to be called into service for duty by the armed forces of the United States, the child would not be eligible to serve because he has not yet completed his senior year of high school.

. . . .

O. The program under which the child is serving with the National Guard is not included within the meaning of the "United States armed services" in IC 31–16–6–6(b).

## II. CONCLUSIONS

A. The child is not in fact nor by law emancipated under IC 31–16–6–6(b).

. . . .

(R. 115–17). The trial court ordered Richard to continue paying child support.

## Discussion and Decision

The trial court entered findings of fact and conclusions of law pursuant to Richard's request. On review, we will not set aside the judgment unless it is clearly erroneous. *Young v. Young*, 654 N.E.2d 880, 883 (Ind.Ct.App.1995), *trans. denied.* A judgment is clearly erroneous when the evidence does not support the findings of fact or when the findings of fact do not support the conclusions. *Id.* In determining whether the findings and judgment are clearly erroneous, we will neither reweigh the evidence nor judge

the credibility of witnesses, but we will consider only the evidence and reasonable inferences therefrom which support the judgment. *Id.*

Richard argues that R.T.L. became emancipated upon enlisting in the National Guard, citing IC 31–16–6–6(b), which provides:

> "For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:
>
> has joined the United States armed services;
>
> . . . .
>
> the court shall find the child emancipated and terminate the child support."

Ind.Code § 31–16–6–6(b).

■ Emancipation frees a child from the care, custody and control of its parents. *McKay v. McKay*, 671 N.E.2d 194 (Ind.Ct. App.1996), *trans. denied.* There are several situations when a minor/dependent child may be found to be emancipated. A child may voluntarily leave the parent's home and assume responsibility for his/her own care. *Pocialik v. Federal Cement Tile Co.*, 121 Ind.App. 11, 97 N.E.2d 360 (1951). Marriage will serve to emancipate a child. *Welling v. Welling*, 257 Ind. 120, 272 N.E.2d 598 (1971). Emancipation may also occur when a minor child enters the military service. *Corbridge v. Corbridge*, 230 Ind. 201, 102 N.E.2d 764 (1952). However, what constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact. *McKay*, 671 N.E.2d at 197.

■ *Corbridge* does not apply to this case, as the child enlisted in the United States Army and was found to be emancipated because the federal government became responsible for his "support, maintenance, medical care, and education." *Corbridge*, 230 Ind. at 208, 102 N.E.2d at 768. Here, the evidence before the trial court was that R.T.L.'s enlistment in the National Guard was specifically conditioned upon his completion of high school, and did not become effective until he had graduated and completed an additional six weeks of advanced individual training. (R. 158, 160.) With the exception of his summer training and monthly weekend

drills, Brenda was responsible for R.T.L.'s support, maintenance, medical care, and education.

We conclude that there is evidence in the record to support the finding of the trial court that R.T.L. was not emancipated by his provisional enlistment in the National Guard. The trial court's judgment is not clearly erroneous.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.